**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4545-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v

THOMAS A. WALLACE a/k/a
WALLACE THOMAS and
WALLACE SONNEY,

    Defendant-Appellant.

_____

Submitted January 3, 2022 – Decided January 11, 2022

Before Judges Rose and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 15-09-0950.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Andrew J. Bruck, Acting Attorney General, attorney for respondent (Valeria Dominguez, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Thomas A. Wallace appeals from a May 15, 2020 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

Following multiple sales of crack-cocaine to a confidential informant (CI), police obtained search warrants for defendant's home and cars, resulting in the seizure of drugs from one car and money from his bedroom. Around $5,000 was secreted in a Kool Aid can with a false bottom, and $1,480 was seized from a jacket hanging on the back of a door. The jacket also contained defendant's driver's license and miscellaneous identification cards. Prior to trial, the court denied defendant's motion to reveal the identity of the CI, who did not testify at trial. Noting defendant was gainfully employed at the time of his arrest, defense counsel argued the drugs did not belong to defendant, but the money seized by police from his bedroom was lawfully earned. Defendant testified against the advice of counsel.

A jury convicted defendant of all six drug offenses charged in a Burlington County indictment. After ordering the appropriate mergers, the trial court sentenced defendant on the remaining third-degree drug count, N.J.S.A. 2C:35-5(a)(1), to an extended seven-year prison term, with a parole disqualifier of

three-and-one-half-years. See N.J.S.A. 2C:43-6(f) (mandating an extended term for repeat drug offenders upon the State's application). We affirmed defendant's conviction and sentence. State v. Wallace, No. A-1081-17 (App. Div. Apr. 9, 2019).

Defendant filed a timely petition for post-conviction relief (PCR). With the assistance of PCR counsel, defendant claimed trial counsel was ineffective for: (1) acknowledging in his opening statement that the money seized from defendant's bedroom belonged to defendant; (2) conceding defendant's jacket and identification were found in his bedroom; and (3) failing to seek information concerning the CI's favorable treatment by the authorities. Defendant filed a pro se supplemental brief, asserting various claims, some of which were raised on direct appeal.

Following oral argument, the PCR judge reserved decision. Shortly thereafter, the judge issued a cogent written decision, squarely addressing the issues raised in view of the controlling law. The judge denied all claims for relief asserted by PCR counsel and defendant pro se. Citing controlling precedent, the judge essentially concluded "trial counsel's strategy . . . had a logical basis and consistency, which should not be second guessed." See e.g., State v. Castagna, 187 N.J. 293, 316 (2006) (declining to find the defendant

demonstrated a prima facie showing of ineffective assistance of counsel where his trial counsel engaged in the "high-risk strategy of admitting [the defendant]'s guilt to lesser-included offenses in the hope that it would enhance [the defendant]'s credibility").

On appeal, defendant reprises the same arguments asserted by counsel before the PCR court.  More particularly, defendant argues:

POINT ONE

THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED FROM TRIAL COUNSEL EXPLAINING WHY HE ADMITTED TO THE JURY THAT MONEY RECOVERED FROM A BEDROOM BELONGED TO [DEFENDANT].

POINT TWO

THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED FROM TRIAL COUNSEL EXPLAINING WHY HE FAILED TO ELICIT ON CROSS-EXAMINATION THAT THE WALLET AND IDENTIFICATION WAS NOT INITIALLY FOUND IN A JACKET ALLEGED TO HAVE BEEN HANGING BEHIND A DOOR IN WHAT POLICE CONCLUDED WAS [DEFENDANT'S] BEDROOM.

POINT THREE

THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED FROM TRIAL COUNSEL

4

EXPLAINING WHY HE FAILED TO SEEK INFORMATION THAT THE CONFIDENTIAL INFORMANT RECEIVED FAVORABLE TREATMENT FOR HIS OPEN [CONTROLLED DANGEROUS SUBSTANCES] CASE.

Having considered defendant's contentions in view of the applicable law, we are satisfied he failed to demonstrate a reasonable likelihood that his PCR claim would ultimately succeed on the merits, and failed to satisfy either prong of the test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984), as adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987).  Pursuant to our discretionary standard of review, State v. Preciose, 129 N.J. 451, 462 (1992), we discern no reason to disturb the judge's decision.  Because there was no prima facie showing of ineffective assistance of counsel, an evidentiary hearing was not necessary to resolve defendant's PCR claims.  Ibid.  We affirm substantially for the reasons expressed by Judge Mark P. Tarantino in his cogent decision.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4545-19